Spear, J.
The question is: Did the appeal by Mrs. Brooks take to the circuit court the case as to Mrs. Pratchett?
Two propositions are advanced by counsel for plaintiff in error in support of his contention that Mrs. Brooks’ appeal took up the whole case.
1. That Mrs. Pratchett was a necessary party in the common pleas in order to a determination of the issues bétween the plaintiff below and Mrs. Marsh, and hence was a necessary party in the circuit court.
2. That the claims of Mrs. Brooks and Mrs. Pratchett, as regards the judgment against Mrs. Marsh, were joint, and hence the appeal by one as *498 to her ease necessarily involved the case of the other.
Unless both of these propositions can be maintained the contention of plaintiff in error must fail.
It is, we suppose, well settled that the assignor of a chose in action assigned as collateral security is not, in the first instance, a necessary party to a suit upon the claim, unless it appears by the petition that such assignor has, or claims, some interest in the subject matter adverse to the plaintiff. Allen v. Miller, 11 Ohio St., 374. No averment indicating such adverse interest appears in the petition. Hence, at the outset, the presence of . Mrs. Pratchett was not necessary to a determination of the rights of the plaintiff as against the judg-ment debtor. What, then, was the effect of Mrs. Pratchett’s answer ? If it be conceded that the averments disputing the alleged debt to plaintiff were equivalent to a claim that Mrs. Pratchett was in equity the owner of the judgment, still the pleading falls short of asserting a .claim that she and plaintiff were joint owners of the judgment. Indeed, the conclusion sugg-ested is wholly inconsistent with the idea oí joint ownership. Either the plaintiff owned it by virtue of his legal title, or Mrs. Pratchett owned it by virtue of her equitable claim. Hence, there were two parties striving to recover of the real defendant the same thing, but by wholly different and inconsistent claims as to title. The common pleas held that neither owned the judgment because it had not legal validity, and hence could not be the subject of ownership. This defeated both the plaintiff and Mrs. Pratchett it is true, but it defeated them as separate and not joint claimants. And this result is *499 in no way affected by the fact that the judgment rendered is in form joint. In substance, it is a judgment against each of the parties demanding relief of the judgment debtor.
So, too, is the issue tendered by the affirmative claim of Mrs Pratchett, against the plaintiff, set up in the answer, wholly separate from the other issue in the case. If dissatisfied with the disposition of either branch of her contention, Mrs. Pratchett should have improved her opportunity to appeal. The separate appeal of the plaintiff as to her case cannot avail.
We are of opinion that the appeal of Mrs. Brooks did not carry to the circuit court any claim of Mrs. Pratchett, and. hence, that court did not err in ordering that the trial proceed alone on the issue between the plaintiff below and Mrs. Marsh.

Judgment affirmed.